Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed initiated act. You have previously submitted popular names and ballot titles for constitutional amendments containing similar language, which I rejected in Opinions 99-296, 99-324 and 99-368 due to a number of unresolved ambiguities arising from the text of your measure. You have now made changes to the text of your proposal, have restyled it as an initiated act, rather than an amendment and now submit the following proposed popular name and ballot title for my certification:
 POPULAR NAME PROHIBIT THE SALE OF ACLOHOL [SIC], AND FIREARMS FROM THOSE PERSONS CONVICTED OF AN ALCOHOL OFFENSE OR PROHIBITED FROM THE POSSESSION OF A FIREARM
 BALLOT TITLE ACT TO INDENTIFY [SIC] ANY PERSON FOUND GUILTY, PLEADING GUILTY, OR NO CONTEST TO DRIVING A VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL, PUBLIC INTOXICATION, ASSAULT AND BATTERY WHILE UNDER THE INFLUENCE OF ALCOHOL, DISTURBING THE PEACE WHILE UNDER THE INFLUENCE OF ALCOHOL, AND A DOMESTIC DISTURBANCE WHILE UNDER THE INFLUENCE OF ALCOHOL WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON A PERSON'S STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION; PROVIDE FOR THE IDENTIFICATION OF ANY PERSON PROHIBITED FROM THE POSSESSION OF A FIREARM BY THE COURTS WITH THE WORDS `FIREARM PROHIBITED' WRITTEN ON A PERSON'S STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION; TO PROVIDE FOR THE PROHIBITION ON THE PURCHASE OF ALCOHOLIC BEVERAGES TO THOSE PERSONS IDENTIFIED WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION BY THOSE BUSINESSES LICENSED BY THE STATE TO SELL ALCOHOLIC BEVERAGES; PROVIDE FOR THE PROHIBITION ON THE PURCHASE OF A FIREARM AND AMMUNITION TO THOSE PERSONS IDENTIFIED WITH THE WORDS `FIREARM PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION BY A LICENSED FIREARM DEALER AND NON LICENSED INDIVIDUALS SELLING A FIREARM AND AMMUNITION: TO PROVIDE A FINE FOR ANYONE LICENSED BY THE STATE TO SELL ALCOHOLIC BEVERAGES SELLING AN ALCOHOLIC BEVERAGE TO A PERSON IDENTIFIED WITH THE WORDS `ALCOHOL PROHIBITED' WRITTEN ON THEIR STATE ISSUED DRIVER'S LICENSE OR STATE ISSUED IDENTIFICATION; TO PROVIDE A FINE FOR A LICENSED FIREARM DEALER OR INDIVIDUAL SELLING A FIREARM OR AMMUNITION TO ANYONE IDENTIFIED AS WITH THE WORDS `FIREARM PROHIBITED' ON THEIR STATE ISSUED DRIVER'S LICENSE OR IDENTIFICATION:
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed act, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
Typographical, grammatical and syntax errors continue to plague your proposal. At a minimum, however, the following ambiguities must be clarified in both your measure and ballot title:
 1. Sections 3 and 4 each contain an ambiguity. Section 3 prohibits businesses licensed to sell alcoholic beverages from selling such beverages to anyone with the words "Alcohol Prohibited" written on their state-issued drivers' license or identification. Section 4 contains a similar requirement for the sale of firearms. See Section 4(2)(c). Section 3(1)(b) provides that "[a]ny business licensed by the Director of Alcoholic Beverage Control Division to sell alcoholic beverages having anyone sell an alcoholic beverage to anyone with the words `Alcohol Prohibited' written on a state issued driver's license or state issued identification shall have that person selling the alcoholic beverage guilty of a violation of this amendment." Section 4(2)(c) contains similar language with regard to the sale of firearms. The responsibilities of the "business" under this language are unclear. The language punishes the ultimate seller of the beverage (the person making the sale), but seems to require that the "business" "hav[e]" the person make the sale before the criminal penalty attaches. The proscribed conduct on the part of the business is unclear in this regard. Additionally, the language above seems to require that the" business" "shall have that person . . . guilty of a violation of [the] amendment." The responsibility of the business under this latter language is likewise unclear.
 2. A typographical error persists in Section 4(2)(c), which prohibits the sale of firearms or ammunition to certain persons. This subsection provides that "[a]ny business licensed by an agency of the state, or agencies of the subdivisions of the state thereof, to sell firearms and ammunition having anyone sell a firearm or ammunition to anyone with the words "Alcohol Prohibited" written on a state issued driver's license or state issued identification shall have that person selling the firearm or ammunition guilty of a violation of this amendment." (Emphasis added). As I noted in Opinion 99-324, I assume that the words "Alcohol Prohibited," as used in this particular subsection, should read "Firearm Prohibited." I am unable to summarize your proposed act accurately, however, while the typographical error remains.
 3. An ambiguity exists in the first paragraph of Section 5 of your proposed act. The relevant language states "[t]hose laws, and regulations not included in this act, and not provided for by statute and provision of the law shall be reserved to the General Assembly of the State of Arkansas, and subdivisions of the state thereof, to govern and regulate the sale of alcoholic beverages, firearms and ammunition to those persons prohibited by law as provide [sic] herein as stated." It appears that the intention of this provision is to reserve to the General Assembly and local political subdivisions some authority to enact further laws and regulations governing the subject matter of your act. The scope of this provision, however, and its language, are so unclear as to admit of differing interpretations. This provision must therefore be clarified prior to my certification of a popular name and ballot title for your measure.
As noted above, typographical, grammatical and syntax errors continue to plague your proposal. Consultation with legal counsel of your choice, or a person skilled in the drafting of legislation is recommended.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed act, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General